## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

ROBERT GRIFFIN BROWN,

      Petitioner,

v.                                     Case No:  5:14-cv-452-Oc-30PRL
                                         Crim. Case No: 8:03-cr-294-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Robert Griffin Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. 1).  Brown challenges his 188-month sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on his conviction for possession of a firearm by a convicted felon (Count III).[1]  (CV Doc. 14).  The Court, having reviewed the pleadings, arguments, and record, and having held a hearing on December 4, 2014, concludes that Brown's motion should be dismissed.

---

[1] Originally, Brown also challenged his 188-month sentences imposed under United States Sentencing Guideline § 4B1.4 on his convictions for possession of fifty or more grams of cocaine base with intent to distribute (Count I) and possession of cocaine with intent to distribute (Count II) (CV Doc. 2), but he withdrew those direct challenges after recognizing that they were precluded by the Eleventh Circuit's decision in *Gilbert v. United States (Gilbert II)*, 640 F.3d 1293 (11th Cir. 2011) (en banc) (holding that a guidelines-based sentencing error on a sentence below the statutory maximum is not cognizable on a § 2241 petition).  (CV Doc. 14 at 4).  *See also Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc) (holding that the petitioner was barred from challenging his sentence on collateral review based upon misapplication of the sentencing guidelines because his sentence was below the statutory maximum).

## BACKGROUND

On February 6, 2004, Brown pled guilty, without a plea agreement, to the following counts: (1) possession of fifty or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (Count I); (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count II); (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count III); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count IV).[2]  (CR Docs. 57, 58).  Pursuant to the United States Sentencing Guidelines in effect at the time Brown was sentenced,[3] Brown was subject to sentencing on Counts I through III with a total offense level of 29 and a criminal history category of III, which resulted in a guideline imprisonment range between 108 to 135 months.[4]  (PSR at 3, 7).  However, on Count III, Brown's sentence was subject to enhancement under the ACCA, § 924(e), based upon the following predicate offenses: (1) a 1982 conviction for sale and possession of cocaine; (2) a 1982 conviction for sale and possession of cocaine; and (3) a 1988 conviction for carrying a concealed firearm.  (PSR at 4).

The ACCA designation resulted in a minimum-mandatory sentence of fifteen years and an increase in the statutory maximum from ten years to life on Count III.  *See* 18 U.S.C.

---

[2]Brown raises no challenge to his sentence on Count IV, which requires a minimum-mandatory sentence of five years' imprisonment that must be run consecutively to any other sentences imposed.  18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

[3]In 2004, the sentencing guidelines were mandatory.

[4]On Count I, however, Brown faced a minimum-mandatory sentence of ten years under 21 U.S.C. § 841(b)(1)(A).

§ 924(a)(2), (e).  Also, because Brown was classified as an armed career criminal, he was subject to the armed-career-criminal sentencing guideline, U.S.S.G. § 4B1.4.  As a result, he was assigned an enhanced total offense level of 31 and an enhanced criminal history category of VI, which increased the guideline imprisonment range on Counts I through III to 188 to 235 months.  (PSR at 4, 7, 12).  Accordingly, on May 21, 2004, Brown was sentenced to concurrent terms of 188 months' imprisonment on Counts I through III and to a consecutive term of sixty months' imprisonment on Count IV.  (CR Doc. 68 at 9).  All counts were to be followed by five years' supervised release.  (*Id.*).  In sentencing Brown, the Court expressed reservations about the length of Brown's sentence but concluded that it was required to impose a sentence within the guidelines.[5]  (*Id.* at 7-8).

Brown did not file a direct appeal of his convictions and sentences.  On March 22, 2005, Brown filed a motion to vacate his sentences pursuant to 28 U.S.C. § 2255, alleging several claims of ineffective assistance of counsel.  *See Brown v. United States*, No. 8:05-cv-607-JSM-EAJ (M.D. Fla. 2005) (Doc. 1).  On July 21, 2006, the Court denied Brown's § 2255 motion.  *Id.* (Doc. 15).  Brown appealed the denial of his § 2255 motion to the Eleventh Circuit Court of Appeals and filed an application for a certificate of appealability.  *Id.* (Docs. 17, 18).  Both this Court and the Eleventh Circuit denied Brown's request for a certificate of appealability.  *Id.* (Docs. 20-22).

---

[5]At sentencing the Court commented, "Seems like twenty years is a lot of time for Mr. Brown . . . .  I don't know what I can do about it."  (CR Doc. 68 at 7).  Consequently, the Court told Brown, "I'm going to give you the minimum I can under the guidelines."  (*Id.* at 8).

On December 18, 2013, several years after the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), Brown filed an untimely notice of appeal. (CR Doc. 91). Thereafter, Brown was represented by appointed counsel, who realized that the appropriate remedy for the relief sought by Brown was a motion pursuant to § 2241. (CV Doc. 1 at 2). Accordingly, Brown moved to voluntarily dismiss his appeal, and, instead, filed the instant petition. (*Id.*). Brown argues that his sentence for possession of a firearm by a convicted felon (Count III) was improperly enhanced under the ACCA beyond the statutory maximum because, pursuant to *Begay* and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), Brown does not have the requisite three predicate offenses to be considered an armed career criminal. (CV Doc. 14). Brown also contends that because he is entitled to be resentenced on Count III, the Court should also revisit Brown's sentences on Counts I and II under the sentence package doctrine. (*Id.*).

Respondent counters that the Court lacks jurisdiction to consider Brown's § 2241 petition because, although his sentence on Count III exceeds the statutory maximum, the overall length of his aggregate detention based upon his other sentences is lawful.[6] (CV Doc. 11). Thus, Respondent argues that resentencing Brown as to Count III would have no effect on the length of his detention. (*Id.*).

---

[6]Respondent also argued that Brown was procedurally defaulted from raising this claim (Doc. 11), but subsequently filed a notice informing the Court that it waived its defense of procedural default (Doc. 17). Because the procedural-default rule is not jurisdictional, it may be waived by the government. *See Bryant v. Warden*, 738 F.3d 1253, 1261 (11th Cir. 2013). Thus, the Court concludes that it is unnecessary to address whether Brown's claim is procedurally defaulted.

4

## ANALYSIS

### I. The Relevant Law

#### A.  The Savings Clause

Generally, § 2241 provides a mechanism by which prisoners can challenge the *execution* rather than the validity of their sentences.  *See Bryant*, 738 F.3d at 1290 (citing *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008)).  If a prisoner wishes to challenge the *validity* of his or her sentence after it has become final, the appropriate means is through a motion pursuant to § 2255.[7]  *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Under § 2255(e), however, commonly referred to as the "savings clause," a petitioner may file a § 2241 motion if the petitioner can demonstrate that § 2255 was "inadequate or ineffective to test the legality of his [or her] detention."  28 U.S.C. § 2255(e); *see also Bryant*, 738 F.3d at 1256, 1262, 1288.  Whether the savings clause may "open the portal" to a § 2241 petition is a jurisdictional issue that must be addressed before reaching the merits of the § 2241 petition.  *Id.* at 1262; *see also Williams v. Warden*, 713 F.3d 1332, 1343 (11th Cir. 2013).

Because Brown seeks to invoke the savings clause, he must establish the following factors to confer jurisdiction upon this Court: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was specifically foreclosed by Eleventh Circuit precedent; (2) after his first § 2255 proceeding, a United States Supreme Court decision

---

[7]A petitioner may not file a second or successive § 2255 motion without certification from the appropriate court of appeals and only under a limited set of circumstances.  *See* 28 U.S.C. § 2255(h).

overturned that circuit precedent; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the retroactively applicable rule, his sentence exceeds the statutory-maximum penalty; and (5) the savings clause reaches his claim of illegal detention above the statutory maximum. *Bryant*, 738 F.3d at 1274 (synthesizing the savings-clause tests articulated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), *Gilbert II*, 640 F.3d 1293, and *Williams*, 713 F.3d 1332).

## B. The ACCA

Usually, an individual convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) faces a potential statutory-maximum sentence of ten years' imprisonment and three years' supervised release. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2).  But, under the ACCA, an individual who was previously convicted of three violent felonies or serious drug offenses, is subject to a minimum sentence of fifteen years' imprisonment, a maximum sentence of life imprisonment, and five years' supervised release.  18 U.S.C. §§ 924(e)(1), 3559(a)(1), 3583(b)(1).  The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; . . . or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  Brown was subject to sentencing under the ACCA because he had two previous convictions for serious drug offenses and one previous conviction for a violent felony, carrying a concealed firearm.  Brown now challenges the

use of his previous conviction for carrying a concealed firearm to satisfy the ACCA prerequisites.[8]

At the time Brown was sentenced and when he filed his § 2255 motion, binding Eleventh Circuit precedent specifically held that carrying a concealed firearm was a violent felony for ACCA purposes. *See United States v. Hall*, 77 F.3d 398 (11th Cir. 1996); *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998). However, four years after Brown's sentence became final and two years after he filed his § 2255 motion, the United States Supreme Court issued its decision in *Begay*, which clarified that a "violent felony" within the meaning of the ACCA includes only felonies involving "purposeful, violent, and aggressive conduct." 553 U.S. at 145. The *Begay* decision abrogated the Eleventh Circuit's decisions in *Hall* and *Gilbert*. *See United States v. Canty*, 570 F.3d 1251, 1252 (11th Cir. 2009); *Archer*, 531 F.3d 1347. As a result, carrying a concealed firearm is no longer considered a violent felony for ACCA purposes.

## II. Discussion

For the savings clause of § 2255(e) to open the portal to review Brown's § 2241 petition, Brown must establish the five *Bryant* requirements. Respondent concedes that Brown has established the first three *Bryant* factors. First, throughout Brown's sentencing and first § 2255 proceeding, Eleventh Circuit precedent squarely foreclosed his claim that carrying a concealed firearm was not a violent felony for ACCA purposes. *See Hall*, 77 F.3d 398; *Gilbert*, 138 F.3d 1371. Second, well after Brown's § 2255 proceeding ended,

---

[8]Brown does not dispute that his two 1982 convictions for sale and possession of cocaine qualify as serious drug offenses under the ACCA. (CV Doc. 2).

*Begay* and *Canty* overturned *Hall*'s binding precedent. *See Canty*, 570 F.3d at 1255 ("[C]arrying a concealed weapon is not a violent felony that may be used as a predicate conviction to enhance a defendant's sentence under the ACCA."). Third, in *Bryant*, the Eleventh Circuit held that *Begay* applies retroactively on collateral review. 738 F.3d at 1277. However, according to Respondent, Brown cannot satisfy the fourth *Bryant* factor, i.e., he cannot show that his sentences exceed the statutory maximum. Thus, whether Brown's claim can proceed under § 2241 turns upon whether his sentences exceed the statutory maximum.

Technically, Brown's sentence on Count III exceeds the statutory maximum on that count. Without the ACCA enhancement, Brown is subject to a ten-year statutory maximum on Count III; therefore, his sentence of 188 months clearly exceeds the statutory maximum. Nevertheless, Respondent argues that Brown's aggregate sentences, which includes his lawful 188-month sentences on Counts I and II,[9] renders the error with regard to his sentence on Count III harmless in the context of a § 2241 proceeding. In response, Brown counters that because of the error as to Count III, the Court, in accordance with the sentence package doctrine, can resentence Brown as to not only Count III, but Counts I and II as well.

Following the Eleventh Circuit's decision in *Bryant*, each case, including *Bryant*, granting a § 2241 petition for a sentence that exceeds the statutory maximum has only

---

[9]Count I has statutory maximum of life in prison and Count II has a statutory maximum of twenty years. *See* § 841(b)(1)(A)(iii), (b)(1)(C). Thus, Brown's 188-month sentences on Counts I and II do not exceed the statutory maximums for those counts.

considered claims challenging a single conviction and sentence, rather than a claim, like the one at hand, involving multiple convictions and sentences.  *See Moore v. Warden*, 568 F. App'x 838 (11th Cir. 2014); *Bryant*, 738 F. 3d 1253; *Mackey v. Warden*, 739 F.3d 657 (11th Cir. 2014); *Manley v. Unnamed Respondent*, No. 1:14-CV-142-TWT, 2014 WL 3397129 (N.D. Ga. July 10, 2014).  Thus, to decide this issue, the Court considers the language of the savings clause.

Specifically, § 2255(e) provides that a petition may be brought pursuant to the savings clause if a prior § 2255 motion was "inadequate or ineffective to test the *legality of [the petitioner's] detention*."  (Emphasis added).  The use of the term "detention" indicates that the concern of § 2255(e) is not whether a particular sentence itself is legal, but whether the overall detention is legal.  Here, although Brown's sentence on Count III is an improper sentence that exceeds the statutory maximum, his overall *detention* does not.[10]  Stated differently, Brown is not "being held without authorization by *any* congressional statute," and his detention is legal.  *Bryant*, 738 F.3d at 1283 (emphasis added).  The Court recognizes that Brown's designation as an armed career criminal subjected him to application of the armed-career-criminal guideline, U.S.S.G. § 4B1.4, which enhanced the then-mandatory guideline range for his sentences on Counts I and II. But the Eleventh Circuit's precedent squarely forecloses any claim that the savings clause reaches a guideline-error sentencing claim.  *See Gilbert II*, 640 F.3d 1293.

---

[10]Such a strict reading accords not only with cannons of statutory interpretation, but also with the Eleventh Circuit's proclamation that "in enacting § 2255(e) Congress clearly restricted the subject-matter jurisdiction of the federal courts" to hear § 2241 petitions.  *Williams*, 713 F.3d at 1340.

Even if the Court found that Brown's statutory-maximum-exceeding sentence on Count III opened the portal for review under § 2255(e), Brown's victory would be short lived. In granting relief to the petitioner in *Bryant*, the Eleventh Circuit stated,

> [A]ll that is required to correct [the] *statutory* error is a reduction to the *statutory* maximum of 10 years by the district court where the defendant is incarcerated. *See* 18 U.S.C. § 924(a)(2); *see also* U.S.S.G. § 5G1.1(a) (providing that if the statutory maximum sentence is less than the guidelines range, the statutory maximum controls). There is no need for the § 2241 court or the sentencing court to hold a resentencing hearing or to further determine the appropriate sentencing range within the statutory maximum penalty. After all, any § 2241 challenge to a sentence that is already *below* the authorized statutory maximum could not open the § 2255(e) portal. *See Gilbert II*, 640 F.3d at 1323. And, [a petitioner] in a § 2241 petition is not able to attack any misapplication of the guidelines below the statutory maximum. *See id.*

*Bryant*, 738 F.3d at 1288. In response to Judge Martin's partial dissent, the Eleventh Circuit explained,

> Importantly, under *Gilbert II*, [a petitioner] cannot obtain a § 2241 writ through the § 2255(e) portal based on any guidelines-based sentencing errors. Bryant is entitled to a grant of the writ only because his sentence exceeds the statutory maximum penalty *and only to that extent*.
>
> Our majority opinion's express holding that the habeas remedy is limited to a sentence reduction to the statutory maximum penalty is precisely what helps open the § 2255(e) portal for Bryant without running afoul of our en banc and other circuit precedent, the statutory bar on successive habeas motions, and the finality interests that Congress incorporated into AEDPA's provisions. The § 924 error that opens the portal to a § 2241 claim and the nature of the § 2241 relief are inextricably intertwined in this case of *statutory* sentencing error.

*Id.* at 1290. Based on *Bryant* and *Gilbert II*, if the Court granted Brown's § 2241 petition as to Count III, the Court would be limited to reducing Brown's sentence on Count III to the statutory maximum of ten years, and the Court could not resentence Brown on Counts

I through III.  The Court notes, however, that but for the decisions in *Gilbert II* and *Bryant* dictating the applicable remedy in this case, it would be inclined to resentence Brown on Counts I through III to effectuate its original sentencing intent since its intent at the time of sentencing was thwarted by the then-mandatory sentencing guidelines.  As it stands, any relief to which Brown would be entitled under § 2241 would amount to nothing more than a hollow victory as he would still have to serve his 188-month sentences on Counts I and II.  A reduction of Brown's sentence on Count III would not affect the overall length of his detention.

The Court also notes that as a result of Brown's erroneous designation as an armed career criminal under U.S.S.G. § 4B1.4, Brown is not entitled to relief under any of the retroactive amendments to the United States Sentencing Guidelines, such as Amendment 782, which retroactively lowered the base offense levels applicable to certain drug offenses.[11]  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (in deciding whether a guideline amendment applies, "a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment").  If Brown was not subject to sentencing under the ACCA guideline, U.S.S.G. § 2D1.1 rather than § 4B1.4 would have applied to his sentence, and he would be entitled to the relief provided by the retroactive sentencing amendments applicable to

---

[11]In fact, on February 28, 2008, and December 19, 2011, Brown filed motions pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction of his sentence in accordance with Amendments 706 and 750, respectively, but the Court denied his motions because the amendments did not apply to him on account of his designation as an armed career criminal pursuant to U.S.S.G. § 4B1.4. (CR Docs. 76, 79, 86, 88).

§ 2D1.1, like Amendment 782.  The Court finds it unfortunate that although Brown was erroneously designated as an armed career criminal, he is not entitled to any relief under either § 2241 or § 3582(c)(2).  If some means existed by which the Court could appropriately provide Brown a lower sentence, it would do so.

**<u>CONCLUSION</u>**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner Robert Griffin Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. 1) is DISMISSED.

2.      The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\OCALA\14-452 Brown v. USA.2241.docx